United States District Court
Southern District of Texas
**ENTERED**
October 08, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-18-4412 |
| | § | APPEAL NO. 19-20695 |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING APPLICATIONS TO
## PROCEED IN FORMA PAUPERIS

This case concerns a pro se prisoner civil rights action under 42 U.S.C. § 1983, filed jointly by nine individual plaintiffs who requested certification of a class action to challenge conditions of confinement at the Luther Unit, a state prison facility. In a Memorandum Opinion and Order entered on August 30, 2019, the court denied Plaintiffs' First Amended Motion for Class Certification and, in the Alternative, Motion for Expedited Discovery (Docket Entry No. 120, p. 75). In addition, the court granted the University of Texas Medical Branch's Motion to Dismiss and the Correctional Managed Health Care Committee's Motion to Dismiss. (Id.) The court also granted in part, and denied in part, a Motion for Summary Judgment on Behalf of Defendants Bryan Collier, James McKee, and the Texas Department of Criminal Justice. (Id.) The court concluded that fact issues remained about whether prison

officials violated the Eighth Amendment rights of five plaintiffs who had exhausted available administrative remedies. (Id. at 74.)

On September 23, 2019, Plaintiffs John Sain, David Cummings, Phillip Gullett, and David Wilson executed and filed a Notice of Appeal from the Memorandum Opinion and Order entered on August 30, 2019 (Docket Entry No. 126, p. 2). Sain, Cummings, Gullett, and Wilson have also filed Plaintiffs' Motion Requesting Leave of Court to Appeal In Forma Pauperis (Docket Entry No. 125). Asserting that they lack sufficient funds to retain counsel, these plaintiffs and another plaintiff who does not join the appeal (Salvador Capuchino) have also filed Plaintiffs' Motion Requesting Leave of Court to Proceed In Forma Pauperis, which includes four separate Applications to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry No. 124, pp. 9-11, 13-15, 17-19, 21-23).[1]

There has been no final judgment entered in this case, which is typically a prerequisite for a court of appeals to assume jurisdiction. See 28 U.S.C. § 1291; Richardson-Merrell, Inc. v. Koller, 105 S. Ct. 2757, 2760-61 (1985) (explaining the "final

---

[1]Plaintiffs' Motion Requesting Leave of Court to Proceed In Forma Pauperis states that it includes a separate Application to Proceed in District Court Without Prepaying Fees or Costs from Plaintiff Phillip Gullett as Attachment D (Docket Entry No. 124, p. 2). The Motion filed with the court, however, only includes Applications from Sain, Cummings, Wilson, and Capuchino, and does not include a copy of Attachment D. Within thirty (30) days of the date of this Order, Gullett is directed to file an Application to Proceed in District Court Without Prepaying Fees or Costs that includes a certified copy of his inmate trust fund account statement.

judgment rule" and the narrow "collateral order" exception); Thompson v. Betts, 754 F.2d 1243, 1245 (5th Cir. 1985) (observing that "a partial disposition of a multi-claim or multi-party action does not qualify as a final decision under Section 1291 and is ordinarily an unappealable interlocutory order") (citations omitted).  The Notice of Appeal filed by the plaintiffs does not specify any particular grounds for appellate review or reference any authority for pursuing an interlocutory appeal. See 28 U.S.C. § 1292(a)-(b).  However, under Rule 23(f) of the Federal Rules of Civil Procedure, a court of appeals may permit such an appeal from an order granting or denying class-action certification. See Fed. R. Civ. P. 23(f).

Although it is not clear whether the plaintiffs intend to challenge any particular adverse ruling entered in the Memorandum Opinion and Order, the Notice of Appeal does not appear to have been filed in bad faith for purposes of 28 U.S.C. § 1915(a)(3).  Therefore, based on the documentation provided by the plaintiffs (Docket Entry No. 124), the court **ORDERS** as follows:

1.    Plaintiffs' Motion Requesting Leave of Court to Appeal In Forma Pauperis (Docket Entry No. 125) is **GRANTED**.

2.    This case is governed by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), which requires prisoners to pay an initial partial filing fee.  The PLRA also requires prisoners to pay the full balance of the filing fee for any civil action or appeal.

3. The statutory requirement of full payment of the filing fee remains applicable when multiple prisoners seek to join as co-plaintiffs in a single action, such that each prisoner still must pay the full filing fee. See Hagan v. Rogers, 570 F.3d 146, 155-56 (3rd Cir. 2009); Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004); Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001). Therefore, each co-plaintiff will be assessed the appellate docketing fee ($505.00).

4. Plaintiff John Sain (TDCJ #01675667) is assessed an initial partial filing fee of $55.00 pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the court.

5. Thereafter, John Sain (TDCJ #01675667) shall pay the balance of the appellate docketing fee ($450.00) in periodic installments as required by 28 U.S.C. § 1915(b)(2). The agency shall collect this amount from the plaintiff's inmate trust account and forward it to the court until the entire fee is paid.

6. Plaintiff David Cummings (TDCJ #02153663) is assessed an initial partial filing fee of $26.00 pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1).

-4-

The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the court.

7.   Thereafter, David Cummings (TDCJ #02153663) shall pay the balance of the appellate docketing fee ($479.00) in periodic installments as required by 28 U.S.C. § 1915(b)(2).  The agency shall collect this amount from the plaintiff's inmate trust account and forward it to the court until the entire fee is paid.

8.   Plaintiff Phillip Gullett (TDCJ #01672020) is not assessed an initial partial filing fee because he has not submitted a certified copy of his inmate trust fund account statement.[2] So that his appeal may proceed, Gullett shall pay the appellate docketing fee ($505.00) in periodic installments as required by 28 U.S.C. § 1915(b)(2).  The agency shall collect this amount from the plaintiff's inmate trust account and forward it to the court until the entire fee is paid.

9.   Plaintiff David Wilson (TDCJ #01648044) is assessed an initial partial filing fee of $1.00 pursuant to the

---

[2] Although the court has not received documentation in support of Phillip Gullett's request for leave to proceed in forma pauperis, the court will presume that he qualifies as indigent under 28 U.S.C. § 1915(a) for purposes of this Order so that he may proceed with his appeal.

Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1). The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the court.

10. Thereafter, David Wilson (TDCJ #01648044) shall pay the balance of the appellate docketing fee ($504.00) in periodic installments as required by 28 U.S.C. § 1915(b)(2). The agency shall collect this amount from the plaintiff's inmate trust account and forward it to the court until the entire fee is paid.

11. The plaintiffs are responsible for signing all consents and other documents required by the agency having custody of them to authorize the necessary withdrawal from the plaintiffs' inmate trust accounts.

12. The district court filing fee was paid in full at the start of this lawsuit (Docket Entry No. 1-2, p. 1). To the extent that a finding of indigence is necessary for the plaintiffs to seek appointment of pro bono counsel, Plaintiffs' Motion Requesting Leave of Court to Proceed In Forma Pauperis, which includes separate Applications to Proceed in District Court Without Prepaying Fees or Costs for John Sain, David Cummings, David Wilson, and Salvador Capuchino (Docket Entry No. 124) is **GRANTED**.

13. Under Rule 23(f), a district court may stay the proceedings pending an appeal from a decision to deny class certification.  <u>See</u> Fed. R. Civ. P. 23(f). Assuming that the plaintiffs challenge the court's decision to deny class certification, all parties are **ORDERED** to provide a written advisory within thirty (30) days of the date of this Order regarding whether a stay is appropriate until the plaintiffs' appeal has been decided.

The Clerk will send a copy of this Order to the parties.  The Clerk will also provide a copy of this Oder by regular mail, facsimile transmission, or e-mail to the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.

SIGNED at Houston, Texas, on this 8th day of October, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE