United States Courts
Southern District of Texas
FILED

OCT 28 2019

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:18-cv-04412 |
| v. | § § | |
| BRYAN COLLIER, et al., | § § § | |
| Defendants. | § | |

**MOTION REQUESTING APPOINTMENT OF COUNSEL, WITH APPENDIX AND ORDER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Comes now Plaintiffs John Sain, Salvador Capuchino, David Cummings, Phillip Gullett, and David Wilson, before this Honorable Court requesting the appointment of counsel under 28 U.S.C. § 1915 (e)(1), and/or Fed R. Civ. P. Rule 23 (g)(3), due to exceptional circumstances of this case so as to facilitate discovery, investigations, and presentation and argument of this complex case before the Court.

## I. LEGAL STANDARDS

Generally, a Plaintiff does not have a right to appointed counsel in a § 1983 action. *Hardwick v. Ault*, 517 F. 2d, 295 298 (5th Cir. 1975) However, a District Court is not required to appoint counsel unless the case presents "Exceptional Circumstances." *Branch v. Cole*, 686 F. 2d 264, 266 (5th Cir. 1982). The existence of such circumstances will turn on the quality of two basic factors:

1) The type and complexity of the case, and

2) Plaintiffs' abilities. *Id.*

In § 1983 actions, the Fifth Circuit has developed a four-part standard that the District Court should consider in ruling on motions for appointment of Counsel:

1) Type and complexity of the case;

2) Whether Plaintiff is capable of adequately presenting this case;

3) Whether Plaintiff is in a position to adequately investigate the case; and

4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.

The Court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *Ulmer v. Chancellor*, 691 F. 2d 209, 213 (5th Cir. 1982).

## II.     NON-FRIVOLOUS CLAIM

This case has survived Summary Judgment and therefore has merit.

## III.    TYPE AND COMPLEXITY OF THE CASE

Title 42 of the United States Code, Section 1983 creates a cause of action against any person who, under color of State Law, causes another to be deprived of a Federally Protected Constitutional Right. In order to state a cause of action under § 1983, a Plaintiff must allege two elements: (1) a person has deprived Plaintiff of a Federal Right, and (2) the Person has deprived Plaintiff of that right acting under color of state or territorial law. *Gomez v. Toledo*, 100 S. Ct. 1920 (1980).

In the instant case, the Plaintiffs allege that the Defendants, acting under color of State Law, have deprived them of their **Eighth Amendment** right to be free from cruel and unusual punishment by exposing them to excessive indoor heat without adequate mitigation measures.

Both the instant case and the *Cole v. Collier*, Civil Action No. 4:14-cv-01698 (S.D. Tex 2018) have proven to be very complex cases requiring in-depth investigation, extensive discoveries, depositions, cross-examination, expert witness selection and testimony, extensive and complicated development of facts and the record, and argument of the facts against opposing counsel before the Court. *See* Ex. 175.

### IV. WHETHER PLAINTIFFS ARE CAPABLE OF ADEQUATELY PRESENTING THEIR CASE

The Plaintiffs come from diverse educational background, as such while they have vigorously pursued this suit and capably represented themselves thus far, their experience with the apparatus of legal maneuvering and argumentation is virtually non-existent. In *Bright v. Hickman*, 96 F. Supp. 2d 572 (E.D. Tex. 2000), the Court found that the Plaintiff was free to interview witnesses, collect evidence, and take statements since she was not incarcerated. Yet the Court found in favor of granting the Motion for Appointment of Counsel due to difficulties she encountered in investigating her case.

In the instant case, the Plaintiffs are all incarcerated and are, therefore at a disadvantage to conduct any meaningful investigation. The Plaintiffs have thus far been limited to what has been available in the Law Library and through their copy service. With the current change in Law Library supervisors and breakdown in equipment, the Plaintiffs have virtually no assistance except what can be acquired through their copy service, and only then when they are not otherwise

engaged. With the upcoming unit lockdown, Plaintiffs efforts will be almost at a standstill. *See* Ex. 175.

### V. WHETHER THE EVIDENCE WILL CONSIST IN LARGE PART OF CONFLICTING TESTIMONY SO AS TO REQUIRE SKILL IN THE PRESENTATION OF EVIDENCE IN CROSS EXAMINATION

As the honorable Court has seen thus far, this case will involve significant conflicting testimony. The Court has seen the volumes of documents that have been entered in the docket. This will require an experienced trial attorney's skill in presentation of evidence in cross examination. This case will also require significant live testimony from witnesses and expert witnesses. Plaintiffs will also require experts in acquiring the actual indoor temperatures in the Luther Unit dormitories, program, service and work areas. Experts in the medical field will also be required to counter Defendants claims that their mitigation measure effectively lower the risk of serious harm from heat-related illness. As incarcerated individuals, Plaintiffs lack the knowledge and expertise to carry out the investigations that this very complex case demands due to its exceptional circumstances. *See* Ex. 175.

### V. PLAINTIFFS PREVIOUS REQUEST FOR COUNSEL

Plaintiffs have previously filed a Motion Requesting The Court To Appoint Class Action Counsel, Or In The Alternative, Appoint Interim Counsel Doc. 30 which has not been ruled on directly. Fed. R. Civ. P. Rule 23 (g)(1) and Rule 23 (g)(3).

Plaintiffs, via Doc. 47, asked the Court to Appoint Class Action or Interim Counsel which the Court "Denied at the time" in Order Doc. 67.

The Court again addressed the issue of Counsel in its Memorandum Opinion and Order, Doc. 120, pp 19, 20, and 21 concerning Fed. R. Civ. P. Rule 23 (g)(4), adequacy of representation.

The Court reinforced previous courts findings that Pro Se is inadequate to represent the interests of his fellow inmate(s) in a class action and that class representatives cannot appear Pro se. These Plaintiffs could not agree more.

Again, the Plaintiffs request, in addition to the §1915 counsel request, counsel representation which meets at a minimum Rule 23(g)(3) Interim counsel requirements to lead the way toward class certification or Rule 23(g)(1)(2) and (4) for class counsel.

## VI. PLAINTIFFS SEARCH FOR REPRESENTATION

Months prior to the filing of this case, Plaintiffs began their search for representative counsel. Plaintiffs and their family members wrote and via phone, contacted numerous firms and attorneys whom their research indicated participation in like cases and non-profit organizations who could or had assisted in inmate civil rights litigation. These attempts to recruit counsel continue to this day yet have yielded only negative results. *See* 9th Sworn Affidavit- Sain, Ex. 174; Sworn and Notarized Affidavit-Juaniece Sain, Ex. 176; and 2nd Sworn and Notarized Affidavit- Tim Sain, Ex. 177. Plaintiffs have been unsuccessful in securing counsel to represent them in this case.

## VII. PLAINTIFFS INABILITY TO PAY FEES, COSTS, RETAIN COUNSEL AND EXPERT WITNESSES

The Court has considered the Plaintiffs' Motion for Leave to Proceed In Forma Pauperis, Doc. 131. The Court has granted the Plaintiffs that status.

## VIII. CONCLUDING STATEMENT

As in the recent *Cole v. Collier* case, this present case will require extensive expert witness testimony. The Plaintiffs due to their incarceration and indigent status are not in a position to

adequately pursue expert witnesses nor litigate this case in trial. As a survivor of Summary Judgement, this case has merit. Additionally, the fact that Plaintiffs have capably presented their claim thus far has no bearing on their ability (or lack of) to continue to be able to do the same in the future.

## IX. PRAYER

Wherefore, Plaintiffs pray that this Court will give consideration in appointing counsel to assist in the litigation of the current action.

Respectfully Submitted,

Dated: October 21, 2019

## CERTIFICATE OF CONFERENCE

Whereby their signatures below, Plaintiffs do hereby certify/declare that a conference is not possible because Plaintiffs are incarcerated in Texas Department of Criminal Justice, Institutional Division, and are proceeding Pro Se in this cause. Plaintiffs will not speculate on whether the Defendants oppose this motion.

## CERTIFICATE OF SERVICE

Whereby their signatures below, Plaintiffs do hereby certify/declare that true and correct copies of the foregoing document was forwarded via U.S. First Class Mail, postage pre-paid, to the following parties:

a. Bryan Collier
   TDCJ Executive Director
   Texas Department of Criminal Justice

b. James McKee
   Warden
   O.L Luther Unit (P2)

c. Texas Department of Criminal Justice
   c/o Bryan Collier
   TDCJ Executive Director

Service was perfected to the above Defendants through their Attorneys of Record for Service:

**Todd Disher**
Attorney In Charge
Office of Attorney General of Texas
209 W 14th, 8th Floor
Austin, TX 78701

**Leah Jean O'Leary**
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548 Capital Station
Austin, TX 78711-2548

## CERTIFICATE OF MAILING

Whereby their signatures below, Plaintiffs do hereby certify/declare that the foregoing document was delivered to the United States Post Office for processing (U.S. First Class postage, pre-paid).

Pursuant to Fed. R. App. P. Rule 25 (a)(2)(A)(iii), "Mailbox Rule," Pro se documents filed at the time they are placed in the institutional mailing system for processing.

## INMATE DECLARATION

We, the Plaintiffs listed below, being over 18 years of age, of sound mind, capable of making this declaration due to the facts that we: suffer from and/or experience(d) one or more of the conditions described; attended consultations with qualified medical and other professionals; having been trained by medical personnel to recognize and treat complications due to illness/heat/cold; having studied materials listed under Fed. R. Civ. P. Rule 902; through our personal observations; and due to belief and empirical knowledge that the facts stated above; pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the foregoing is true and correct from personal knowledge.

Executed on October 21, 2019

JOHN SAIN, Pro Se
TDCJ ID# 01373168
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

*/s/ John Sain*

SALVADOR CAPUCHINO, Pro Se
TDCJ ID# 01675667
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

*/s/ Salvador Capuchino*

DAVID CUMMINGS, Pro Se
TDCJ ID# 02153663
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

*/s/ David Cummings*

PHILLIP GULLETT, Pro Se
TDCJ ID# 01672020
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

*/s/ Phillip Gullett*

DAVID WILSON, Pro Se
TDCJ ID# 01648044
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

*/s/ David Wilson*