UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:18-cv-04412 |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## MOTION REQUESTING APPOINTMENT OF COUNSEL, WITH APPENDIX AND ORDER

### APPENDIX

| Exhibit | Verified | Title | Not Adopted | Page |
|---|---|---|---|---|
| Exhibit 174 | V | 9th Affidavit – Sain | | 2 |
| Exhibit 175 | V | Plaintiff's Declaration In Support | | 4 |
| Exhibit 176 | V | Affidavit – Juaniece Sain | | 8 |
| Exhibit 177 | V | 2nd Affidavit – Tim Sain | | 10 |

# Exhibit 174

# 9th Affidavit - Sain

# Pages
# 1

2

SWORN AFFIDAVIT OF _John Sain_   TDCJ ID # _01373168_

1) Prior to and during the filing and progression of Cause No. 4:18-cv-04412, I researched and identified potential law firms and attorneys whom appeared to have the background and experience in litigating a complex class action suit such as this suit.

2) I utilized the Texas Legal Directory and dockets of various A/C suits v TDCJ.

3) I also found potential attorneys noted in newspapers and magazines.

4) I also requested my family conduct internet searches, explore references from friends and associates, and place phone calls to potential firms seeking representation.

5) I was kept appraised of their contacts and lack of progress.

6) Additionally, I composed and sent letters of introduction to those firms an attorney whom I thought had the most direct knowledge and experience with TDCJ and our A/C background and potential litigation.

7) Some of the firms and attorneys I wrote requesting representation include:

A) Edward Law-Austin
B) Singley Law-Austin
C) Texas Civil Rights Project-Austin
D) Reynolds Frizzell-Houston
E) Texas Civil Rights Project-Houston
F) Wright, Close and Barger -Houston
G) Southern Poverty Law Center
H) National Lawyers Guild

8) I along with my civilian friends and family, to my immediate knowledge, where unsuccessful in securing representation for this suit.

9) This case turns on complex and argumentative facts and issues. As Pro Se Plaintiffs, we are not trained or capable in the areas of discovery and litigation required to adequately prosecute this case.

10) Mine and our incarceration limit any type of expert witness identification, notification, and recruitment. It also limits discovery which is very important to a case of this complexity.

11) As Pro Se Plaintiffs, with varying levels of education, none of it in the legal realm, we are unable to competently argue the complex and various issues of this suit.

12) Plaintiffs make this request to the Court with the knowledge that they are Pro Se and In Forma Pauperis (IFP) and do not have the funds or resources to retain nor hire a Law Firm, Attorney, or identify and retain expert witnesses whom can prove, litigate and argue this case to a successful conclusion.

13) Plaintiffs intend to prevail in this suit.

I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature: _John Sain_                                      Dated: _17 SEPT 2019_

# Exhibit 175

# Plaintiffs' Declaration In Support

# Pages
# 3

4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:18-cv-04412 |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION
REQUESTING APPOINTMENT OF COUNSEL**

Plaintiffs, pursuant to the prerequisites of Fed. R. Civ. Rule 56(d) state as follows:

The following evidence is unavailable to the Plaintiffs due to a lack of counsel and for the

below listed reason(s):

A) Data documenting the actual indoor temperatures, specifically, the daily average

temperatures, the extreme high temperatures, the hourly or incremental temperatures, and

the corresponding humidity levels and heat index, for the following indoor Luther Unit

areas;

"A Hallway" Dorms #1, #2, #3, and #4;

"B Hallway" Dorms #5, #6, #7, and #8;

"C Hallway" Dorms #9, #10, #11, and #12;

"D Hallway" Dorms #13, #14, #15, and #16;

"E Hallway" Dorms #17, #18, #19, and #20;

Laundry

Gym, (utilized for group programs i.e. Veteran's class, Church/Religious services, etc.;

Kitchen areas including, scullery, cooking area, serving line and offender dining area;

Trusty Camp;

Manufacturing; and

All support buildings.

The above factual data is unavailable to Plaintiffs because it does not exist. The Luther Unit administration only documents the outside temperature and heat index.

B) Scientific facts demonstrating the substantial risk of heat-related illness the high indoor temperatures pose to the overall inmate population.

This evidence is unavailable to Plaintiffs for two specific reasons:

First, there is no documented data by which to accurately determine the level of heat or the temperatures involved to make the necessary risk assessment, see (A) above;

Second, because the facts require expert witness evidence. And due to Plaintiffs' incarceration, they are in no position to seek out, interview, and obtain expert witnesses, where class counsel has yet to be appointed and Plaintiffs do not have a lawyer to obtain witnesses and gather facts on their behalf.

C) Scientific facts demonstrating how the high indoor temperatures increase the already substantial risk of heat-related illness in members of the Luther Unit's population with disabilities, chronic disease, illnesses, medications, and advanced age.

This scientific factual information is unavailable to Plaintiffs for the exact reasons stated in (B) above.

Page 2

D) Facts as to the ineffectiveness of TDCJ's heat mitigation efforts in substantially reducing the risk of heat related illness.

This scientific evidence is unavailable to the Plaintiffs for the exact reasons stated in (B) above.

## END OF STATEMENTS

Each Plaintiff by his individual signature affixed below affirms that he has read the statements contained herein, and adopts those statements as his own, and pursuant to 28 U.S.C. § 1746, whereby his signature below declares under penalty of perjury that the statements contained herein are from personal knowledge and are true and correct.

Executed:

October 21, 2019

# Exhibit 176

# Affidavit - Juaniece Sain

# Pages
# 1

8

## SWORN AFFIDAVIT OF Juaniece Sain

1. I, Juaniece Sain, 6212 N Ridge Rd, Ft Worth, Texas 76135 make the following statement:

2. I have contacted the following law firms or attorneys, from July, 2018 through September, 2019, soliciting their agreement to represent the named Plaintiffs in Class Action Cause No 4:18-cv-04412.

   a) Edwards Law, The Hachnel Building, 1101 East 11th Street, Austin, TX 78702, (512) 623-7727

   b) Reynolds Frizzell, LLP, 1100 Louisiana, Suite 3500, Houston, TX 77002, (713) 485-7200

   c) Texas Civil Rights Project - Houston, 2006 Wheeler Avenue, Houston, TX 77004, (832)767-3650

   d) Southern Poverty Law Center, PO Box 548, Montgomery, AL 36101

3. To date, none of my attempts to gain representation by the above referenced firms or attorneys have been successful.

I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature: _Juaniece Sain_                     Date: _10-5-19_



SARAH ANN KLEMPNAUER
Notary Public, State of Texas
Comm. Expires 10-05-2020
Notary ID 130850658

# Exhibit 177

# 2nd Affidavit - Tim Sain

# Pages
# 1

10

## SWORN AFFIDAVIT OF TIMOTHY SAIN

1. I Timothy Sain of 12024 Rachel Lea Ln, Fort Worth, TX 76179 make the following statement:

2. I have contacted the following law firms or attorneys, from July 2018 through September 2019, soliciting their agreement to represent the named Plaintiffs in Class Action Cause No. 4:18-cv-04412

   a) Edwards Law, The Hachnel Building. 1101 East 11th Street Austin, TX 78702 (512) 623-7737

3. To date, none of my attempts to gain representation by the above referenced firms or attorneys have been successful.

I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____     Dated: 10/11/2019

State of Texas, County of Tarrant
Sworn to and subscribed before me on

The 11 day of Oct , 20 19

DANIELLE D. WRIGHT
Notary Public, State of Texas
Comm. Expires 05-17-2021
Notary ID 131134841