United States District Court
Southern District of Texas
**ENTERED**
November 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-18-4412 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

There are five plaintiffs remaining in this prisoner civil rights action under 42 U.S.C. § 1983, which concerns conditions of confinement at the Luther Unit. These plaintiffs include: John Sain (TDCJ #01373168); David Cummings (TDCJ #02153663); Jerry Smith (TDCJ #02171841); David Wilson (TDCJ #01648044); and Salvador Capuchino (TDCJ #01675667). Claiming that the defendants have violated the Eighth Amendment by exposing them to excessive heat during the summer, the plaintiffs seek injunctive relief in the form of air-conditioned housing, which is available at the Pack Unit pursuant to a settlement entered in Cole v. Collier, Civil No. H-14-1698 (S.D. Tex. June 8, 2018)(Docket Entry No. 1188). The court has received notice by way of a written Change of Address, which advises that all five plaintiffs have been transferred to the Pack Unit (Docket Entry No. 139).

A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III of the United States Constitution "when the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." Already, LLC v Nike, Inc., 133 S. Ct. 721, 726-27 (2013) (citation and internal quotation marks omitted). The Fifth Circuit has consistently recognized that "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief); Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990) (holding that a prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after the plaintiff was transferred to another correctional facility and the only remedy he sought was a transfer).

Accordingly, the parties are **ORDERED** to file a response in writing within **30 days** of the date of this Order regarding whether any of the remaining issues in this case are now moot.

**The Clerk will send a copy of this Order to the parties.**

**SIGNED** at Houston, Texas, on this 6th day of November, 2019.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE