IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN SAIN, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| *v.* | ) Case No. 4:18-cv-04412 |
| | ) |
| BRYAN COLLIER, *et al,* | ) |
| | ) |
| *Defendants,* | ) |
| | ) |

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' REMAINING CLAIM AS MOOT**

---

The remaining Defendants, Bryan Collier and James McKee[1] (collectively, the "Defendants"), move to dismiss the Plaintiffs' one remaining claim as moot. As of the date of this filing, Plaintiffs Wilson, Cummings, Smith, Sain, and Gullett, as well as Mr. Capuchino[2], have been reassigned to the Pack Unit. Exs. A & B. Therefore, Plaintiffs' requested relief—air-conditioning and heat mitigation measures equal to those provided at the Pack Unit—has been provided to them by moving them to that very unit. Plaintiffs cannot now maintain claims related to conditions at the Luther Unit. There is no further relief to be ordered by the Court.[3]

---

[1] Plaintiffs' only claims against the Texas Department of Criminal Justice were brought pursuant to the Americans with Disabilities Act and Rehabilitation Act. Those claims were dismissed, as explained below.

[2] Salvador Capuchino is not a plaintiff in this action. The Court denied the Plaintiffs' motion to add him as a party. ECF No. 120 ¶ 3. Mr. Capuchino, however, has also been reassigned to live at the Pack Unit.

[3] This motion also serves as Defendants' response to the Court's November 6, 2019 Order requesting that the parties indicate whether the remaining claims are moot.

## I. Nature and Stage of Proceedings

1. Plaintiffs are offenders incarcerated in the Texas Department of Criminal Justice. At the time they filed suit, they lived at the Luther Unit in Navasota, Texas. They filed suit pursuant to 42 U.S.C. § 1983 for ongoing violations of their right to be free from cruel and unusual punishment. Specifically, Plaintiffs allege that the indoor temperatures at the Luther Unit pose a substantial risk of serious harm to their safety and that TDCJ officials are deliberately indifferent to that risk. Plaintiffs also brought claims under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), claiming that they are being discriminated against based on their disabilities.

2. To remedy the alleged ongoing violations, Plaintiffs seek the following prospective injunctive relief at the Luther Unit:

> (1) consistent "24/7" electrical power throughout the Luther Unit facility to each cubicle outlet, dorm, and roof-mounted exhaust fan for the purpose of ensuring fire safety and air circulation;
>
> (2) implementation of an "equitable or better accommodation" similar to the Pack Unit Respite Program;
>
> (3) implementation of an "equitable or better accommodation" similar to the Pack Unit air-conditioning plan by requiring that indoor temperatures be maintained "below dangerous levels" with a heat index of 88° F or lower in all areas where inmates congregate . . . ; and
>
> (4) equal access to accommodation to all programs, activities, and services.

Pls.' 1st Am. Compl. ¶ 337 [ECF No. 25]. Essentially, Plaintiffs request to receive all the services and air-conditioning measures that are available to offenders at the Pack Unit.

3. On August 30, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment and granted other defendants' motions to dismiss. *See* Mem. Op. & Order [ECF No. 120]. The Court dismissed the claims brought against the University of Texas Medical Branch and the Correctional Managed Health Care Committee. *Id.* at 75. Plaintiff Jerry Smith's claims were dismissed in their entirety for failure to exhaust administrative remedies. *Id.* The Court also dismissed Plaintiffs' ADA and RA claims and denied Plaintiffs' motion for class certification. *Id.* at 73. The sole remaining claim is Plaintiffs' deliberate indifference claim seeking injunctive relief against Director Bryan Collier and Warden James McKee in their official capacities. *Id.* at 74–75.

4. As of the date of the filing of this motion, each of the five Plaintiffs and Mr. Capuchino now live at the Pack Unit, two miles away from the Luther Unit. Exs. A & B.

## II. ISSUE TO BE RULED UPON AND STANDARD OF REVIEW

5. The issue before the Court is whether the five Plaintiffs and Mr. Capuchino are entitled to continue to challenge the conditions at the Luther Unit now that they have received the relief they sought by being moved to the Pack Unit.

6. Rule 12(b)(1) allows a court to dismiss a lawsuit where the court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction over the claims he raises. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). In determining whether a federal court has subject matter jurisdiction, a court may

consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

7. Mootness is a jurisdictional issue, which may be raised at any time. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A claim is moot when the parties are no longer "adverse parties with sufficient legal interests to maintain the litigation." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009) (affirming dismissal of inmate's claim where the relief sought was provided, evidenced by an affidavit, which rendered the claim moot), *aff'd sub. nom. Sossamon v. Texas*, 131 S. Ct. 1651 (2011). "The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). A plaintiff must continuously demonstrate his standing through the entirety of his lawsuit. If a case has been rendered moot, a court lacks jurisdiction and must dismiss the case. *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004).

8. Here, Defendants submit evidence attached to this motion to demonstrate that Plaintiffs' claims have been rendered moot.

### III. ARGUMENT

9. Defendants maintain that the current mitigation measures, along with the Three-Year Plan, are sufficient to maintain constitutional conditions at the Luther Unit. Defendants, however, in an effort to conserve resources that would

otherwise be expended on this litigation, have voluntarily accommodated the Plaintiffs' requests. Each of the five Plaintiffs and Mr. Capuchino now live at the Pack Unit, two miles away from the Luther Unit. Exs. A & B. The Pack Unit maintains indoor heat indices below 88°F. *See* Ex. C (a compilation of temperature logs from the Pack Unit). Not only are the housing areas air-conditioned at the Pack Unit, but so are the day room areas, the trustee camp, the infirmary, restrictive housing, and several respite areas throughout the facility. *Id.*

10. Plaintiffs modeled their requested relief in this case after the measures implemented at the Pack Unit. Moving the Plaintiffs to the Pack Unit precisely satisfies their adverse position in this litigation. As the Court recently recognized, "[t]he Fifth Circuit has consistently held that '[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot.'" Nov. 6, 2019 Order at 2 [ECF No. 140] (quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). There is nothing more for the Court to order to redress the Plaintiffs' alleged harm. *Staley v. Harris Co., Tex.*, 485 F.3d 305, 309 (5th Cir. 2007) (en banc) (citing *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998)) ("[W]e find it beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.")); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "rendered his claims for declaratory and injunctive relief moot").

11. It is true that voluntary cessation of a challenged conduct does not always deprive a "court of power to determine the legality of the practice," but jurisdiction continues *only if* there are facts before the court indicating that it is

5

demonstrable probable or reasonably expected that the conduct will recur. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000); *see also Oliver*, 276 F.3d at 741 (a transferred prisoner "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back" to qualify for an exception to mootness). There is nothing before the Court to suggest a demonstrable probability or reasonable expectation of Plaintiffs returning to the Luther Unit. Moreover, courts "are justified in treating a voluntary *governmental* cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity." *Sossamon*, 560 F.3d at 325; *see also Carter v. Collier*, 774 F. App'x 903, 904 (5th Cir. Aug. 14, 2019) (affirming dismissal where prisoner failed to demonstrate his claim was capable of repetition yet evading review).

12. As such, the Fifth Circuit has routinely dismissed cases as moot when prisoners achieved the relief they sought or were moved to a different unit. *Sossamon*, 560 F.3d at 325; *see also DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (per curiam) (affirming dismissal of a prisoner's challenge to a TDCJ policy after TDCJ amended the policy); *Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (affirming that a prisoner's Eight Amendment claims were moot after he was transferred to a different facility); *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (per curiam) (affirming that an inmate's transfer to another prison rendered moot his claims for equitable relief in connection with allegedly unconstitutional deprivation of food at former prison); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were

no longer assigned to offending unit could not seek injunctive relief against conditions of confinement there: "None of them is now in the Retrieve Unit; thus, they may not seek injunctive relief.").

13. Here, Plaintiffs and Mr. Capuchino *both* received the accommodations they requested *and* were moved out of the Luther Unit. Ex. C. As such, there are no claims left to be redressed in this lawsuit, and Plaintiffs and Mr. Capuchino can no longer make claims regarding the conditions at the Luther Unit.[4] Accordingly, this case is now moot.[5]

## IV.   CONCLUSION AND PRAYER

14. Only prospective injunctive relief is sought in this case. Because Plaintiffs have been afforded the precise relief requested and can no longer make claims about the Luther Unit, their one remaining claim complaining of the indoor heat conditions at the Luther Unit is moot. Defendants Collier and McKee respectfully pray that the Court dismiss this case and enter a final judgment dismissing all claims against all parties.

---

[4] Plaintiffs' complaints relating to power outages at the Luther Unit are likewise moot. First, Plaintiffs no longer live at the Luther Unit, so they have no basis to complain about the power outages there. Second, in its memorandum order, the Court did not address the power-outage issue as a claim separate from the central issue of indoor temperatures. Plaintiffs offered no evidence that power outages, in and of themselves, constitute cruel and unusual punishment. Rather, Plaintiffs argue that the indoor temperatures are unconstitutional, and power outages exacerbate the temperature problem. An injunction prohibiting power outages, therefore, would exceed the limitations set forth in the Prison Litigation Reform Act. 18 U.S.C. § 3626(a)(1)(A). Enjoining Defendants from power outages is not necessary to remedy a continuing constitutional violation because Plaintiffs now live in air-conditioned housing.

[5] Additionally, there is nothing for this Court to stay pending Plaintiffs' appeal because this case is now moot. *See* ECF Nos. 131 & 137.

7

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN BANGERT**
Deputy Attorney General for Legal Counsel

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

*/s/ Todd Lawrence Disher*
**TODD LAWRENCE DISHER**
*Attorney-in-Charge*
Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

**LEAH J. O'LEARY**
Deputy Chief, Law Enforcement Defense Division
Texas Bar No. 24079074
Southern District of Texas No. 1563191

**JEANINE M. COGGESHALL**
Assistant Attorney General
Law Enforcement Defense Division
Texas State Bar No. 24083162
Southern District of Texas No. 2563655

**COUNSEL FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I certify that I electronically submitted for filing a true and correct copy of this document in accordance with the Electronic Case Files system of the Southern District of Texas, on November 7, 2019.

>*/s/ Todd Lawrence Disher*
>**TODD LAWRENCE DISHER**
>Attorney-in-Charge

## CERTIFICATE OF CONFERENCE

Due to the pro se status of the remaining Plaintiffs and their incarceration at the Pack Unit, conference was not practicable before filing this motion.

>*/s/ Todd Lawrence Disher*
>**TODD LAWRENCE DISHER**
>Attorney-in-Charge

## CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of this document via United States Postal Service, certified mail, return receipt requested, on November 8, 2019, addressed to the individuals below. One copy of the exhibits were mailed to Plaintiff Sain. Additional copies are available upon request.

John Sain, TDCJ # 1373168
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

David Wilson, TDCJ No 01648044
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

David Cummings, TDCJ No 02153663
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

Salvador Capuchino, TDCJ No. 01675667
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

Phillip Gullett, TDCJ No 01672020
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

*/s/ Todd Lawrence Disher*
**TODD LAWRENCE DISHER**
Attorney-in-Charge