UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 15 2019
David J. Bradley, Clerk of Court

| | |
|---|---|
| JOHN SAIN, et al., § | |
| § | |
| Plaintiffs, § | CIVIL ACTION NO. |
| v. § | 4:18-cv-04412 |
| BRYAN COLLIER, et al., § | AND |
| § | USCA 19-20695 |
| Defendants, § | |

**NOTICE TO THE COURT: DEFENDANTS RELOCATE PLAINTIFFS**

TO THE HONORABLE JUDGE OF SAID DISTRICT COURT:

Plaintiffs Notice To The Court is to inform the Court of the actions of the Defendants to circumvent the Court and delay, harass, and hinder the Plaintiffs in their rightful litigation of this class action complaint to correct multiple Constitutional violations.

The Defendants have relocated the Plaintiffs Capuchino, Cummings, Gullett, Sain, Smith, and Wilson to the Wallace Pack Unit on Wednesday, October 30, 2019. The Plaintiffs were not relocated via the normal process but by a call-out at 1245 to be packed and on their way by 1300. This move was so expedited, Plaintiffs did not have the opportunity to retrieve their in-process legal materials from other inmate legal assistants. i.e., Initial Appeal Brief, Motion to Stay, Motion for Injunction and others. Additionally, support materials and related documents

Page 1

from similar suits utilized as research were also left behind in others care. Again, this relocation was so rushed that Luther Staff did not attempt to perform the normal functions when a inmate goes on chain to include: inventory of inmate possessions and recording results and providing copies to both parties, packing possessions in red chain bags with I.D. tags/inmate info (Plaintiffs transfered with possessions in self-packed, personal white commissary bags), and Plaintiffs transfered with their "necessities" sheets, blankets, jackets, and cell towels without confiscation by Luther Staff. Policy and procedures were not followed in an effort to eject the Plaintiffs from Luther as quickly as possible without a known destination.

Plaintiff Sain, via grievance 2020003474 and with a heat sensitivity score (HSS) of P01, was determined to be properly housed at the Luther Unit as recently as October, 2019.

Plaintiff Capuchino, Cummings, Smith, and Wilson have HSS's of P00, which per Defendants Three-year Plan, Doc. 59, Ex. A, are not eligible for relocation to A/C facilities.

Plaintiff Capuchino, via grievance 2019157944 (HSS P00) was as recently as July, 2019 determined to be properly housed.

Plaintiff Gullett, also a HSS P01, who has been diagnosed with two terminal diseases was at Hospital Galveston when the initial five Plaintiffs were relocated. He has since been relocated to Pack.

Per the Defendants Three-Year Plan, grievances, classification, UTMB, and Grievance Investigator, Plaintiffs with their heat sensitivity scores of P00 are not eligible for relocation for

A/C as are those with P01, these moves displaced several thousand inmates ahead of them with higher heat sensitivity scores by years.

Once Plaintiffs arrived at the Pack Unit, their housing arrangements are wildly separated prohibiting conferring on suit strategy and progess. When formally requesting same session in the Law Library, for the purpose of a Plaintiff conference, assignment of projects, review of current progress, change of location, research and composing of responses, and signing documents to submit to the Court, Plaintiffs were, as they believe, refused on November 8, 2019 and multiple other occasions, with no notice of denial or advance warning. In effect, Defendants have secluded the Plaintiffs from each other, impeding and stopping the Plaintiffs from effectively researching potential responses and actions, developing strategy, composing and comparing documents, and formulating final papers for submission. Each Plaintiff brings varying talents and experiences to the table and all are necessary in litigating this class action suit.

Additionally, Sain's six bags of legal material arrived shuffled and out of order from as packed, with the following items missing:

1) White Priority Mail sack labeled: PENDING DOCS TO FILE: w/five in-progress briefs and responses

2) Court Order, Doc. 120, 137, and 138

No confiscation papers were issued. Missing items were noticed when the chain bags were unpacked and inventoried on November 8, 2019 by the ATC Supervisor during the qualification inspection/inventory for Sain's legal lockers.

Defendants, in relocating Plaintiffs have in effect retaliated against and hindered the process of litigating this suit. Plaintiffs request the Court to notice the missed filing of their response for Stay and their inability to effectively communicate, research, compose, and edit responses and documents, such as their Appeal, and documents listed above.

Plaintiffs vehemently object to their relocation to circumvent the Court's authority, and loss of their First Amendment rights to Access to Courts. Defendants have again demonstrated that written policies can be obstructed by the whim of the bureaucratic pen. Just as easily as if this case were dismissed, that pen could relocate the Plaintiffs again back to Luther or some other equally Constitutional violating unit with the renewed risk of heat-related illness, injury, and death.

Plaintiffs are awaiting the Courts actions on Motions to Appoint counsel, Class Certification, and a Scheduling Conference to correct Defendants Constitutional violations.

Plaintiffs, even with these hardships, are endeavoring to continue pursuing this suit to what they believe will result in the Courts findings that Defendants have violated Plaintiffs Constitutional Rights and the Court will craft solutions to remedy those violations.

Respectfully Submitted,

November 12, 2019

## CERTIFICATION OF CONFERENCE

Whereby their signatures below, Plaintiffs do hereby certify/declare that a conference is not possible because Plaintiffs are incarcerated in Texas Department of Criminal Justice, Institutional Division, and are proceeding Pro Se in this cause. Plaintiffs will not speculate on whether the Defendants oppose this motion.

## CERTIFICATE OF SERVICE

Whereby their signature below, Plaintiffs do hereby certify/declare that true and correct copies of the foregoing document was forwarded via U.S. First Class mail, postage pre-paid, to the following:

a. Bryan Collier
   TDCJ Executive Director
   Texas Department of Criminal Justice

b. James Mckee
   Warden
   O.L. Luther Unit (P2)

c. Texas Department of Criminal Justice
   c/o Bryan Collier
   TDCJ Executive Director

Service was perfected to the above Defendants through their Attorney of Record for service:

**Todd Disher**
Attorney In Charge
Office of Attorney General of Texas
209 W 14th, 8th Floor
Austin, TX 78701-1614

**Leah Jean O'Leary**
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548 Capitol Station
Austin, TX 78711-2548

## CERTIFICATE OF MAILING

Whereby their signatures below, Plaintiffs do hereby certify/declare that the foregoing documents was delivered to the United States Post Office for processing (U.S. First Class postage, pre-paid).

Pursuant to Fed. R. App. P. Rule 25(a)(2)(A)(iii), "Mailbox Rule", Pro Se documents filed at the time they are placed in the institutional mailing system for processing.

## INMATE DECLARATION

We the Plaintiffs listed below, being over 18 years of age, of sound mind, capable of making this affidavit. The facts stated in this declaration are within our personal knowledge and are true and correct. Pursuant to 28 USC § 1746, we declare under penalty of perjury that the foregoing is true and correct.

Date: November 12, 2019

JOHN SAIN, Pro Se
TDCJ ID# 01373168
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

_____/s/ John Sain_____

SALVADOR CAPUCHINO, Pro Se
TDCJ ID# 01675667
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

_____/s/ Salvador Capuchino_____

DAVID CUMMINGS, Pro Se
TDCJ ID# 02153663
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

_____/s/ David Cummings_____

PHILLIP GULLETT, Pro Se
TDCJ ID# 01672020
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

_____/s/ Phillip Gullett_____

DAVID WILSON, Pro Se
TDCJ ID# 01648044
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

_____/s/ David Wilson_____

JERRY SMITH, Pro Se
TDCJ ID# 02171841
Pack Unit (P1)
2400 Wallace Pack Rd.
Navasota, TX 77868

_____/s/ Jerry Smith_____

NOTE: The addresses of Plaintiffs', Sain, Capuchino, Cummings, Gullett, and Wilson should be revised to match that of Plaintiff Jerry Smith directly above.

JOHN SAIN, Pro Se
TDCJ ID# 01373168
Pack Unit
2400 Wallace Pack Rd.
Navasota, TX 77868

November 12, 2019

| | | |
|---|---|---|
| Clerk of Courts | or | Clerk of Courts |
| 515 Rusk St. | | P.O. Box 61010 |
| Houston, TX 77002 | | Houston, TX 77208 |

Re: Civil Action No. 4:18-cv-04412; and USCA 19-20695

Dear Clerk,

Please find included and file below:

NOTICE TO THE COURT: DEFENDANTS RELOCATED PLAINTIFFS

Please bring this filing to the attention of the Court for hearing and ruling.

Thank you for your assistance filing and initiating this Notice. If any further info is required, please contact me at the above address or Tim Sain at 817-307-9087 or at T.Sain@yahoo.com.

Regards,

John Sain  *John Sain*

John Said 01373168
Pack Unit
2400 Wallace Pack Dr,
Navasota, TX 77868

United States Courts
Southern District of Texas
F i L E D
NOV 15 2019
David J. Bradley, Clerk of Court

Clerk of Courts
515 Rusk St., Rm 11535
Houston, Tx 77002



