UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:18-cv-04412 |
| v. | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

PLAINTIFFS MOTION FOR EXTENSION OF TIME

TO HONORABLE JUDGE OF SAID COURT,

The named Plaintiffs file this Motion for Extension of Time to file their response to the following documents:

Doc. 120, Court's Memorandum and Order

Doc. 138, Court's Amended Order Granting Application to Proceed IFP

Doc. 140, Court's Order to Reply

Doc. 141, Defendants Motion to Dismiss

Doc. 143, Defendants Response in Opposition to Plaintiffs Request For Appointment of Counsel

Page 1

## INTRODUCTION

The named Plaintiffs filed suit as inmates incarcerated at the Luther Unit, a prison facility operated by TDCJ. Doc. 25 At 7, 10. They bring claims under 42 USCA § 1983 against Bryan Collier, and James McKee for alleged violations of the Eighth Amendment. Id. at 100-01. They also sue UTMB, CMHCC, and the Texas Department of Criminal Justice pursuant to the Americans with Disabilities Act, the Rehabilitation Act, and the Americans with Disabilities Act Amendments Act. Id. At 101.

Plaintiffs seek to certify a class and two sub-classes of inmates housed at the Luther Unit. Id. At 91-93. Plaintiffs claim that power outages at the Luther Unit hinder the heat-mitigation measures available to offenders during the summer months. Id. At 7. They also plead that there is an inadequate response to the summer temperatures in the housing, work, program, service, and activity areas of the Luther Unit. Nor are there policies and procedures to fully protect inmates in these areas. Id.

## STANDARD OF REVIEW

If a request for an extension is made before the original time or its extension expires, the district court may extend the time for a court filing as long as good cause exists for the extension. Fed. R. Civ. P. Rule 6(b)(1)(A). Here, Plaintiffs move for the extension well before the original time and therefore the relatively permissive "good cause" standard applies. See Fed.

R. Civ. P. Rule 6(b)(1)(A). Under the Federal Rules of Civil Procedure, "the district court is granted broad discretion to expand filing deadlines." Hetzel v Bethlehem Steel Corp., 50 F. 3d 360, 367 (5th Cir. 1995) (referencing Fed. R. Civ. P. Rule 6(b)).

## ARGUMENTS AND AUTHORITIES

Plaintiffs respectfully ask the Court to amend the deadlines related to filing of Plaintiffs' Response to Doc. 120, Doc. 138, Doc. 140, Doc. 141, and Doc. 143 by granting an extension with a filing deadline of January 6, 2020 for the documents. Plaintiffs are actively in the process of marshalling their evidence and resources in filing Plaintiffs' Response to the above noted documents. As such, Plaintiffs request additional time to gather additional documents and evidence as needed, while attempting to overcome the multiple setbacks arising from their relocation to the Pack Unit.

Due to their rapid eviction from the Luther Unit (15 minutes notice), Plaintiffs had no opportunity to retrieve their documents and in-progress documents from the possession of their various inmate legal assistants. These remain at Luther without an option to retrieve this vast quantity of work. Additionally, the move prompted the deactivation of their phone privileges, canceling their access to help via their copy service.

The relocation in itself was extremely rapid, even by TDCJ standards, and as such was extraordinarily disruptive to making legal progress. Additionally, as notices have been provided to the Court and Parties, concerning Plaintiffs' relocation and that the Pack Unit underwent its twice annual unit lockdown, for six days, further restricting access to resources, phone, and progress.

As with the Luther Unit Law Library, Plaintiffs are experiencing difficulty gaining access to the Pack Unit Law Library for extra sessions / time greater than the two hour per day minimum allowed. This has severely restricted and handicapped the research and composition activities required to compose and formulate Plaintiffs responses and their ability to confer between Plaintiffs is near non-existent.

In the past week, the Defendants' solution to the Plaintiffs need to confer and develop responses together has been to allow inmate-to-inmate legal only mail to three of the Plaintiffs, two whom compose, via USPS. As these letters will be read by the Defendants to assure their correspondence is purely legal, confidentiality is not assured. It has been one week since posting in the unit mail system without the first envelopes yet arriving. Two of the three inmates live less than thirty yards apart.

As with the closing of legal facilities for the Thanksgiving holidays, the Plaintiffs expect further delays during the extensive Christmas and New Year holidays when both will occur during the middle of their respective weeks.

Plaintiffs are also streamlining their back and forth requests for documents, editing, publishing, and delivery via their copy service to all extents possible.

Plaintiffs assert that this motion is not made in bad faith, for the purpose of delay, or with dilatory motive, and assert that Defendants will not be prejudiced by the relief requested.

## CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them an extension of time, until January 6, 2020, to file responses to the above noted documents.

Executed November 28, 2019

## CERTIFICATE OF CONFERENCE

Whereby their signatures below, Plaintiffs do hereby certify/declare that a conference is not possible because Plaintiffs are incarcerated in Texas Department of Criminal Justice, Institutional Division, and are proceeding Pro Se in this cause. Plaintiffs will not speculate on whether the Defendants oppose this motion.

## CERTIFICATE OF SERVICE

Whereby their signatures below, Plaintiffs do hereby certify/declare that true and correct copies of the foregoing document was forwarded via U.S. First Class Mail, postage pre-paid, to the following parties:

a. Bryan Collier
   TDCJ Executive Director
   Texas Department of Criminal Justice

b. James McKee
   Warden
   O.L Luther Unit (P2)

c. Texas Department of Criminal Justice
   c/o Bryan Collier
   TDCJ Executive Director

Service was perfected to the above Defendants through their Attorneys of Record for Service:

**Todd Disher**
Attorney In Charge
Office of Attorney General of Texas
209 W 14th, 8th Floor
Austin, TX 78701

**Leah Jean O'Leary**
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548 Capital Station
Austin, TX 78711-2548

## CERTIFICATE OF MAILING

Whereby their signatures below, Plaintiffs do hereby certify/declare that the foregoing document was delivered to the United States Post Office for processing (U.S. First Class postage, pre-paid).

Pursuant to Fed. R. App. P. Rule 25 (a)(2)(A)(iii), "Mailbox Rule," Pro se documents filed at the time they are placed in the institutional mailing system for processing.

## INMATE DECLARATION

We, the Plaintiffs listed below, being over 18 years of age, of sound mind, capable of making this declaration due to the facts that we: suffer from and/or experience(d) one or more of the conditions described; attended consultations with qualified medical and other professionals; having been trained by medical personnel to recognize and treat complications due to illness/heat/cold; having studied materials listed under Fed. R. Civ. P. Rule 902; through our personal observations; and due to belief and empirical knowledge that the facts stated above; pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the foregoing is true and correct from personal knowledge.

Executed on November 28th, 2019

JOHN SAIN, Pro Se  
TDCJ ID# 01373168  
O.L. Luther Unit (P2)  
1800 Luther Dr.  
Navasota, TX 77868-4714

*/s/ John Sain*

SALVADOR CAPUCHINO, Pro Se  
TDCJ ID# 01675667  
O.L. Luther Unit (P2)  
1800 Luther Dr.  
Navasota, TX 77868-4714

*/s/ Salvador Capuchino*

DAVID CUMMINGS, Pro Se  
TDCJ ID# 02153663  
O.L. Luther Unit (P2)  
1800 Luther Dr.  
Navasota, TX 77868-4714

*/s/ David Cummings*

PHILLIP GULLETT, Pro Se  
TDCJ ID# 01672020  
O.L. Luther Unit (P2)  
1800 Luther Dr.  
Navasota, TX 77868-4714

*/s/ Phillip Gullett*

DAVID WILSON, Pro Se  
TDCJ ID# 01648044  
O.L. Luther Unit (P2)  
1800 Luther Dr.  
Navasota, TX 77868-4714

*/s/ David Wilson*

NOTE: the above addresses of Plaintiffs', Sain, Capuchino, Cummings, Gullett, and Wilson should be revised to Pack Unit, 2400 Wallace Pack Rd., Navasota, TX 77868.