IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-18-4412 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME

This prisoner civil rights lawsuit was filed initially by John Sain on behalf of himself and several other inmates incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the Luther Unit. On August 30, 2019, the court entered a Memorandum Opinion and Order, denying the plaintiffs' request for class certification, among other things, and granting, in part, and denying, in part, a motion for summary judgment filed by Defendants Bryan Collier, Warden James McKee, and TDCJ (Docket Entry No. 120). The court also denied without prejudice a request for leave to join the lawsuit from another inmate, Salvador Capuchino, pending evidence that he has exhausted administrative remedies (Id.). Several of the plaintiffs filed a Notice of Appeal from that decision (Docket Entry No. 126) and they have been granted leave to proceed in forma pauperis (Docket Entry No. 138).

The remaining plaintiffs are Sain, David Cummings, Phillip Gullett, Jerry Smith, David Wilson, and Capuchino. The sole remaining claim pending before this court is whether the plaintiffs are entitled to declaratory and injunctive relief for violations of the Eighth Amendment stemming from conditions of extreme heat at the Luther Unit, which is not air conditioned. On November 6, 2019, the court issued an Order requesting briefing from the parties about whether the claims had become moot after learning that all of the remaining plaintiffs had been transferred to the Pack Unit, which is air-conditioned during the summer months under the terms of a class action lawsuit (Docket Entry No. 140). The following day, Collier, McKee, and TDCJ filed Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot (Docket Entry No. 141).

Plaintiffs Sain, Capuchino, Cummings, Wilson, and Gullett now request an extension of time up to and including January 6, 2020, to respond to the following: (1) the court's August 30, 2019 Memorandum Opinion and Order; (2) the court's October 29, 2019 Amended Order Granting Applications to Proceed In Forma Pauperis; (3) the court's November 6, 2019 Order for briefing on the issue of mootness; (4) the Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot, and (5) the Defendants' Response in Opposition to Plaintiffs Request for Appointment of Counsel (Docket Entry No. 149). Plaintiff Smith has neither filed a timely response nor joined the request for an extension of time (Docket

Entry No. 149, p. 8). Moreover, it is evident that none of the other plaintiffs signed the Motion for Extension of Time and that the signature page is photocopied from other pleadings submitted previously by the lead plaintiff, John Sain (Id.).

The court **ORDERS** as follows:

1. Plaintiffs' Motion for Extension of Time to respond to Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot (Docket Entry No. 149) is **GRANTED**. The plaintiffs shall file their response no later than January 6, 2020. The response shall be limited to no more than **twenty (20) pages**, double-spaced, and shall contain the original signature of each remaining plaintiff in compliance with Rule 11 of the Federal Rules of Civil Procedure. A response that does not comply as directed and any future pleading that is not actually signed by all remaining plaintiffs will be **STRICKEN** from the record.

2. Plaintiffs' Motion for Extension of Time to file any other response is **DENIED**.

**The Clerk will send a copy of this Order to the parties.**

**SIGNED** at Houston, Texas, on this 17th day of December, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-3-