IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN SAIN, *et al.*, ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> *v.* ) <br> ) <br> BRYAN COLLIER, *et al,* ) <br> ) <br> *Defendants,* ) <br> ) | Case No. 4:18-cv-04412 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFFS' REMAINING CLAIM AS MOOT**

In their Motion to Dismiss Plaintiffs' Remaining Claims as Moot, Defendants Bryan Collier and James McKee explain how there is no more live controversy between the parties and why the claims should be dismissed for lack of jurisdiction. In response, Plaintiffs fail to explain why a live controversy still exists now that they have received the relief they sought by being moved to the Pack Unit.[1]

It is Plaintiffs' burden to establish that the Court has subject-matter jurisdiction over the claims they raise. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). A plaintiff must

---

[1] Plaintiffs' response still has not been filed in the Court's record. However, Defendants received a copy of Plaintiffs' response, which was dated January 6, 2020. Defendants file this reply to ensure compliance with the local rules.

continuously demonstrate his standing through the entirety of his lawsuit. If a case has been rendered moot, a court lacks jurisdiction and must dismiss the case. *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004).

It is undisputed that Plaintiffs and Mr. Capuchino are no longer housed at the Luther Unit. *See* ECF Nos. 139, 141-1 & 141-2. That fact alone deprives the Court of jurisdiction to order injunctive relief regarding conditions at a prison unit in which the Plaintiffs and Mr. Capuchino are no longer housed. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Herman v. Holiday*, 238 F. 3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims of declaratory and injunctive relief moot); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988) (holding that prisoners who were no longer assigned to offending unit could not seek injunctive relief against conditions of confinement there: "None of them is now in the Retrieve Unit; thus, they may not seek injunctive relief.").

Plaintiffs now argue that they need to engage in extensive discovery in the hope that they can present evidence that their case is capable of repetition yet evading review or so that they can have an evidentiary hearing regarding class certification. However, among other issues already decided by the Court, Plaintiffs' motion for class certification was denied on August 30, 2019. *See* ECF No. 120. And Plaintiffs cannot show that there is any probability or expectation that they will be moved back to the Luther Unit.

While it is true that voluntary cessation of a challenged conduct does not always deprive a "court of power to determine the legality of the practice," jurisdiction continues *only if* there are facts before the court indicating that it is demonstrable

probable or reasonably expected that the conduct will recur. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000); *see also Oliver*, 276 F.3d at 741 (a transferred prisoner "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back" to qualify for an exception to mootness).

Plaintiffs have not presented any evidence in their response to suggest a demonstrable probability or reasonable expectation of Plaintiffs returning to the Luther Unit. In their response, Plaintiffs concede that they would need to engage in additional discovery in order to present such evidence or would need to add additional plaintiffs to bring additional claims. None of these arguments address whether Plaintiffs presently lack in order to maintain this suit.

Further, as Defendants have argued, courts "are justified in treating a voluntary *governmental* cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity." *Sossamon*, 560 F.3d at 325; *see also Carter v. Collier*, 774 F. App'x 903, 904 (5th Cir. Aug. 14, 2019) (affirming dismissal where prisoner failed to demonstrate his claim was capable of repetition yet evading review).

Here, Defendants have not simply moved Plaintiffs to evade review as Plaintiffs allege. They have voluntarily given Plaintiffs their requested relief by moving them to the Pack Unit to ensure they are housed in conditions the same as the Pack Unit.

Plaintiffs modeled their requested relief in this case after the measures implemented at the Pack Unit. Moving the Plaintiffs to the Pack Unit precisely

3

satisfies their adverse position in this litigation. Not only were Plaintiffs and Mr. Capuchino moved out of the Luther Unit, they also received the accommodations they requested. As such, there are no claims left to be redressed in this lawsuit, and Plaintiffs and Mr. Capuchino can no longer make claims regarding the conditions at the Luther Unit. Accordingly, this case is now moot.

Because, only prospective injunctive relief is sought in this case and Plaintiffs have been afforded the precise relief requested and can no longer make claims about the Luther Unit, their claim is moot. Defendants respectfully pray that the Court dismiss this case and enter a final judgment dismissing all claims against all parties.

Respectfully Submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**RYAN L. BANGERT**
Deputy Attorney General for Legal Counsel

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

*/s/ Todd Lawrence Disher*
**TODD LAWRENCE DISHER**
*Attorney-in-Charge*
Trial Counsel for Civil Litigation
Tx. State Bar No. 24081854
Southern District of Texas No. 2985472
Tel.: (512) 463-2100; Fax: (512) 936-0545
todd.disher@oag.texas.gov
P.O. Box 12548
Austin, Texas 78711-2548

**LEAH J. O'LEARY**
Deputy Chief, Law Enforcement Defense Division
Texas Bar No. 24079074
Southern District of Texas No. 1563191

**JEANINE M. COGGESHALL**
Assistant Attorney General
Law Enforcement Defense Division
Texas State Bar No. 24083162
Southern District of Texas No. 2563655

**COUNSEL FOR DEFENDANTS**

5

## NOTICE OF ELECTRONIC FILING

      I certify that I electronically submitted for filing a true and correct copy of this document in accordance with the Electronic Case Files system of the Southern District of Texas, on January 13, 2020.

                                          */s/ Todd Lawrence Disher*
                                          **TODD LAWRENCE DISHER**
                                          Attorney-in-Charge

## CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of this document via United States Postal Service, certified mail, return receipt requested, on January 13, 2020, addressed to the individuals below. One copy of the exhibits were mailed to Plaintiff Sain. Additional copies are available upon request.

John Sain, TDCJ # 1373168
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

David Wilson, TDCJ No 01648044
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

David Cummings, TDCJ No 02153663
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

Salvador Capuchino, TDCJ No. 01675667
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

Phillip Gullett, TDCJ No 01672020
Wallace Pack Unit
2400 Wallace Pack Road
Navasota, Texas 77868

*/s/ Todd Lawrence Disher*
**TODD LAWRENCE DISHER**
Attorney-in-Charge