UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

JAN 06 2020

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| JOHN SAIN, et al., | § § § § § § § § § | CIVIL ACTION NO. 4:18-cv-04412 |
| Plaintiffs, | | |
| v. | | |
| BRYAN COLLIER, et al., | | |
| Defendants. | | |

# PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST TO APPOINT COUNSEL, APPENDIX, AND ORDER

TO THE HONORABLE JUDGE OF SAID DISTRICT COURT:

Plaintiffs submit their reply to Defendants Response in Opposition to their Request to Appoint Counsel, Doc. 143. Plaintiffs will briefly show the Court that items of material fact do, incredibly as the Defendants deny, remain issues to be tried. Plaintiffs will fully illustrate these continuing issues as well as new Constitutional violations as a direct result of Defendants actions in litigating this suit. Plaintiffs continue to maintain claims related to conditions at the Luther Unit as the exact same conditions, claims, also exist at the Pack Unit where the Defendants expeditiously relocated the Plaintiffs in the false hope of mooting their claim, but not all claims.

Hence Plaintiffs arguments would presumably be more precise and articulated via the composition and delivery of their own appointed counsel, nevertheless, Plaintiffs will trudge ahead with this reply and their subsequent submittals in response to Defendants Motion To Dismiss, Doc. 141, and the Court's order to Respond, Doc. 140, where their full arguments will be presented.

Page 1

Plaintiffs address the two paragraphs, in order, which constitute the Defendants response.

Para 1: Defendants state, "Plaintiffs Wilson, Cummings, Smith, Sain and Gullett, as well as Mr. Capuchino', have been reassigned to the Pack Unit. 'Salvador Capuchino is not a Plaintiff in this action. The Court denied the Plaintiffs' Motion to add him as a party. EFC No. 120 para 3."

While the majority of this passage is correct, Mr. Smith was removed as a Plaintiff via the same Court order, *Id.* p. 37, para 2, yet the Court Docket, as of Nov. 18, 2019 continues to list Mr. Smith as an active Plaintiff.

Defendants' foot note erroneously states Mr. Capuchino is not a Plaintiff. Plaintiffs see the error of this assumption as again noted within the same Court document, *Id.* p. 37, para 2, where the Court named Mr. Capuchino as a Plaintiff with provisional status pending determination of standing concerning exhaustion of local remedies. Additionally, the Court's Docket, as of Nov. 18, 2019 correctly lists Mr. Capuchino as an active Plaintiff. Attached are the rebuttal documents attesting too and confirming Mr. Capuchino's status as a named Plaintiff due to his timely exhaustion of local and state remedies. Ex. 227.

Defendants continue to pounce upon air-conditioning as "the" Plaintiffs requested relief. Plaintiffs request, "to keep indoor apparent temperatures below dangerous levels, it is requested they (Defendants) be ordered to mechanically lower the indoor apparent temperatures to a safe level (such as 88° of lower), identify, and provide equal access and accommodations to all housing, work, program, activity, and service areas, including those (as) provided but not limited to the Pack Unit. Doc. 25, para. 6, 314, and 337. Should the Plaintiffs accept the Defendants concession that air-conditioning is the only method of meeting Plaintiffs request to lower indoor apparent temperatures to a safe level thus eliminating risk, they believe this will greatly reduce the

requirement for extensive fact finding, battle of the experts, and the Court's valuable time as was expended within the *Cole v. Collier* suit, to prove just this point concerning locality.

Defendants also state they have, "provided Plaintiffs with their requested relief, heat-mitigation measures equal to those at the Pack Unit." Defendants again fail to satisfy the Plaintiffs claims as this simple non-exclusive list demonstrates; written published policy and procedures by both UTMB and TDCJ which provides a method and means to fully identify and categorize all inmate conditions and provide for the elimination of risk for heat-related illness, injury and death in all housing, work, program, activity, and service areas, provide a respite program that is not hindered nor punished for by staff, Doc. 105; provide cool down showers on demand including handicap showers (not available on Luther or Pack); provide cool shirts in sufficient sizes (not available on Luther or Pack); rec yard shading (not available on Luther or Pack); 24/7 electrical power to cubicle outlets and exhaust fans including during power outages (not available on Luther or Pack); reduction in indoor apparent temperatures in all housing, work, program, activity, and service areas (not available on Luther or Pack); effective window screens that totally prevent entrance by insects and livestock via gaps, holes, and mis-sizing; availability of salt on every table, at all meals in the inmate chow halls; acceptance and publication that there is no penological interest in not reducing the indoor apparent temperatures/risk in all housing, work, program, activity, and service areas.

Plaintiffs can maintain claims continue to exist and affect Plaintiffs. There remain open claims, issues, and further relief that the Court can order.

Para 2: Defendants state, "the Court has repeatedly denied Plaintiffs' prior requests for appointment of counsel. Docs. 7, 67, and 120." Plaintiffs read these orders with different eyes, the

words of the Court they see include, "denied at this time." Not absolute denial but dependant upon changing conditions at a later time. Dependant upon milestones of progress.

As they provided notice and request to the Court, Doc. 26, and Doc. 30, Plaintiffs have NO legal training or experience applicable to litigation of this suit. As such, professional counsel was needed from day one to litigate this complex, complicated, and massive undertaking of securing expert testimony, and arguing this class action case.

As detailed for Defendants para above, Plaintiffs claims are far from moot. Plaintiffs have sought, from the very filing of this suit, appointment of counsel so as to be more efficient, precise, timely, and articulate in the presentation of their claims and papers and developing and presenting their arguments, the Court, via Doc. 120, pp. 19-22, provided Plaintiffs with an avenue to follow, previously unrecognized to these Pro se litigants.

## PRAYER

Plaintiffs pray that the Court DENIES Defendants Response in Opposition to Plaintiffs' Request to Appoint Counsel, Doc. 143. And GRANT Plaintiffs' Request For Appointment of Counsel, Doc. 135.

Respectfully Submitted,

Dated: January 6, 2020

## CERTIFICATE OF CONFERENCE

Whereby their signatures below, Plaintiffs do hereby certify/declare that a conference is not possible because Plaintiffs are incarcerated in Texas Department of Criminal Justice, Institutional Division, and are proceeding Pro Se in this cause. Plaintiffs will not speculate on whether the Defendants oppose this motion.

## CERTIFICATE OF SERVICE

Whereby their signatures below, Plaintiffs do hereby certify/declare that true and correct copies of the foregoing document was forwarded via U.S. First Class Mail, postage pre-paid, to the following parties:

a. Bryan Collier
   TDCJ Executive Director
   Texas Department of Criminal Justice

b. James McKee
   Warden
   O.L Luther Unit (P2)

c. Texas Department of Criminal Justice
   c/o Bryan Collier
   TDCJ Executive Director

Service was perfected to the above Defendants through their Attorneys of Record for Service:

**Todd Disher**
Attorney In Charge
Office of Attorney General of Texas
209 W 14th, 8th Floor
Austin, TX 78701

**Leah Jean O'Leary**
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548 Capital Station
Austin, TX 78711-2548

## CERTIFICATE OF MAILING

Whereby their signatures below, Plaintiffs do hereby certify/declare that the foregoing document was delivered to the United States Post Office for processing (U.S. First Class postage, pre-paid).

Pursuant to Fed. R. App. P. Rule 25 (a)(2)(A)(iii), "Mailbox Rule," Pro se documents filed at the time they are placed in the institutional mailing system for processing.

## INMATE DECLARATION

We, the Plaintiffs listed below, being over 18 years of age, of sound mind, capable of making this declaration due to the facts that we: suffer from and/or experience(d) one or more of the conditions described; attended consultations with qualified medical and other professionals; having been trained by medical personnel to recognize and treat complications due to illness/heat/cold; having studied materials listed under Fed. R. Civ. P. Rule 902; through our personal observations; and due to belief and empirical knowledge that the facts stated above; pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the foregoing is true and correct from personal knowledge.

Executed on January 6, 2020

JOHN SAIN, Pro Se
TDCJ ID# 01373168
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

SALVADOR CAPUCHINO, Pro Se
TDCJ ID# 01675667
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

DAVID CUMMINGS, Pro Se
TDCJ ID# 02153663
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

PHILLIP GULLETT, Pro Se
TDCJ ID# 01672020
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

DAVID WILSON, Pro Se
TDCJ ID# 01648044
O.L. Luther Unit (P2)
1800 Luther Dr.
Navasota, TX 77868-4714

NOTE:  The addresses of plaintiffs Sain, Capuchino, Cummings,
       Gullett, and Wilson should be revised to match their
       current housing:

              Pack Unit (P1)
              2400 Wallace Pack Rd.
              Navasota, TX 77868-4567

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § | |
| | § | CIVIL ACTION NO. |
| Plaintiffs, | § | 4:18-cv-04412 |
| v. | § | |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST TO APPOINT COUNSEL, APPENDIX, AND ORDER**

| **Exhibit** | **Verified** | **Title** | **Not Adopted** | **Pages** | **Page** |
|---|---|---|---|---|---|
| Exhibit 227 | V | 9th Affidavit- Capuchino - MSJ Rebuttal | | 2 | 2 |

Page 1

Ninth SWORN AFFIDAVIT OF Salvador Capuchino Jr

1. Whether I have exhausted administrative remedies is a decision for the Court to determine.

2. In their Motion for Summary Judgement, the Defendants assert that I have not exhausted my administrative remedies. ₱120-121.

3. Grievance No. 2019003062 was filed in appeal of Disciplinary Case # 20180336077.

4. Medical records will show I was treated in the unit infirmary on 8/22/2018 after working 12-15 hours in the Unit Laundry department. I had been feeling weak and dizzy after sweating profusely while at work. This despite attempts to stay hydrated as offenders are "trained" by the Defendants.

5. I returned to 18-Dorm after being treated. I noted offenders sitting in dayrooms in A thru D hallways. E hall had no offenders taking advantage of the Major's 5-minute/offender respite policy in Luther's Dorms. COs on second shift did not inform the offender population of this respite policy instituted by the Major during lockdown.

6. Upon my return, I was already sweating and tired again and decided to take advantage of the policy.

Ex. 227-2

7. When the five minutes were up, I asked the officer when I could return. She refused to tell me. I asked for rank to ascertain when I could return.

8. When Lt Parker and Sgt Calderon arrived, after CO Olushoga created a disturbance with his hostile actions and language, he initiated an ICS, they immediately handcuffed me and took me to Ad-Seg.

9. Sgt Calderon stated, "We don't have to explain anything to you!"

10. I remained in Ad-Seg for about 16 hours, despite having heat restrictions.

11. This grievance covered complained of actions by the Defendants demonstrating a deliberate indifference towards heat-sensitive offenders with complicating chronic conditions.

12. No offenders in 18-Dorm were interrogated for this case/grievance.

I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____  Dated: 11/25/2019

Page 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN SAIN, et al., | § § § § § § § § | CIVIL ACTION NO. 4:18-cv-04412 |
| Plaintiffs, | | |
| v. | | |
| BRYAN COLLIER, et al., | | |
| Defendants. | | |

**MOTION REQUESTING APPOINTMENT OF COUNSEL, WITH APPENDIX AND ORDER**

The Court has considered the above-named Plaintiffs' individually and on behalf of those similarly situated requesting that this Court, pursuant to Fed. R. Civ. P., Rule 23(c)(1)(B) and Rule 23(g)(1), to appoint Counsel to represent the Plaintiffs, or in the alternative, pursuant to Fed. R. Civ. P., Rule 23(g)(3), appoint Interim Counsel.

1. The Court appoints the _____ Law Firm, as counsel for the classes. The Court appoints _____ as lead counsel.

And/Or

2. The Court appoints the _____ Law Firm, as interim counsel for the classes. The Court appoints _____ as lead interim counsel.

And for the Clerk to provide service to each party, a copy of this Court's signed order.

IT IS SO ORDERED

Date:_____, 2020
Houston, Texas

_____
HONORABLE JUDGE SIM LAKE

**PRIORITY MAIL EXPRESS 1-DAY™**

US POSTAGE & FEES PAID
6 LB PRIORITY MAIL EXPRESS RATE
ZONE 3
ComPlsPrice
062S0009993636
9217041
FROM 76179
stamps endicia
01/06/2020

Tim's Copy Service
12024 Rachel Lea Ln
Fort Worth TX 76179

(+18) 173-0790 x87

WAIVER OF SIGNATURE

**SHIP TO:** CLERK OF COURTS
U.S. DISTRICT COURT SOUTHERN REGION
515 RUSK ST
HOUSTON TX 77002-2600

USPS TRACKING #

9470 1116 9900 0025 8017 28

EXTREMELY URGENT — Please Rush To Addressee