United States District Court
Southern District of Texas
**ENTERED**
February 28, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN SAIN, et al.,                    §
                                      §
          Plaintiffs,                 §
                                      §
vs.                                   §      CIVIL ACTION NO. H-18-4412
                                      §
BRYAN COLLIER, et al.,                §
                                      §
          Defendants.                 §

## MEMORANDUM OPINION AND ORDER

A group of state inmates led by plaintiff John Sain (TDCJ #01373168) filed this prisoner civil rights action under 42 U.S.C. § 1983, seeking injunctive relief from the conditions of their confinement in the Texas Department of Criminal Justice ("TDCJ"). On August 30, 2019, the court issued a lengthy Memorandum Opinion and Order, dismissing several parties and all but one of the plaintiffs' substantive claims, which sought injunctive relief for violations of the Eighth Amendment (Docket Entry No. 120, pp. 75-76). Now pending is Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot ("Defendants' Motion to Dismiss") (Docket Entry No. 141). The plaintiffs have filed three responses (Docket Entry Nos. 156, 157, 158). The plaintiffs have also filed several motions seeking to add new parties and new claims (Docket Entry Nos. 159, 162, 165). After considering all of the pleadings, the court will dismiss this case for the reasons set forth below.

## I.  Background

The facts surrounding this lawsuit, which concerns conditions
of confinement at the Luther Unit in Navasota, Texas, have been set
forth previously and will not be repeated here.[1]  It is sufficient
to note that the plaintiffs filed this action seeking injunctive
relief in the form of access to adequate heat mitigation measures
during the summer months and air-conditioned housing of the same
type that is available at the Pack Unit under the terms of a class
action settlement entered in Cole v. Collier, Civil No. H-14-1698
(S.D. Tex. June 8, 2018) (Docket Entry No. 1188).[2]

On August 30, 2019, the court granted motions to dismiss all
claims filed by the plaintiffs against the University of Texas
Medical Branch ("UTMB") and the Correctional Managed Health Care
Committee.[3]  The court also granted in part and denied in part a
motion for summary judgment filed by TDCJ, Executive Director Bryan
Collier, and James McKee, who serves as Warden of the Luther Unit.[4]
The court dismissed the plaintiffs' claims under the Americans with
Disabilities Act and the Rehabilitation Act.[5]  The court also

---

[1]See Memorandum Opinion and Order, Docket Entry No. 120,
pp. 3-18.

[2]See Plaintiffs' First Amended Class Action Complaint, Docket
Entry No. 25, p. 105.

[3]See Memorandum Opinion and Order, Docket Entry No. 120,
pp. 21-30, 75.

[4]See id. at 30-72, 75.

[5]See id. at 72-74.

denied the plaintiffs' request for class certification,[6] and dismissed claims filed by several proposed plaintiffs for failure to exhaust administrative remedies.[7] As a result of these rulings the only plaintiffs remaining in this case are John Sain (TDCJ #01373168); David Cummings (TDCJ #02153663); Phillip Gullett (TDCJ #01672020); David Wilson (TDCJ #01648044); and Salvador Capuchino (TDCJ #01675667) (the "remaining plaintiffs").[8] The only remaining claim concerns whether these plaintiffs are entitled to injunctive relief for violations of the Eighth Amendment stemming from their exposure to extreme heat at the Luther Unit, which is not air-conditioned.[9]

On October 28, 2019, the plaintiffs filed a motion for appointment of counsel.[10] Shortly thereafter, on November 4, 2019, the court received a written notice advising that all of the remaining plaintiffs had been transferred from the Luther Unit to

---

[6]See id. at 18-21, 75-76.

[7]See id. at 35-39, 75. The court dismissed the claims filed by plaintiff Jerry Smith (TDCJ #02171841) and two other proposed plaintiffs identified as Eugene Boston (TDCJ #02075115) and Jesse Snearly (TDCJ #02042412) as unexhausted, but allowed Salvador Capuchino (TDCJ #01675667) to proceed conditionally as a proposed plaintiff, subject to a showing that he has exhausted administrative remedies with respect to his claims. See id.

[8]See id. at 74-75.

[9]See id.

[10]See Motion Requesting Appointment of Counsel, Docket Entry No. 135, pp. 1-9.

the Pack Unit.[11]   The court issued an Order for briefing from the
parties whether the plaintiffs' remaining claim had become moot as
the result of the plaintiffs' transfer to the Pack Unit.[12]  Director
Collier and Warden McKee have responded with Defendants' Motion to
Dismiss, arguing that the plaintiffs have obtained the relief
sought with regard to their only remaining claim and that this case
should be dismissed as moot pursuant to Rule 12(b)(1) of the
Federal Rules of Civil Procedure.[13]

The plaintiffs have responded with Plaintiffs' Response in
Opposition to Defendants' Motion to Dismiss Plaintiffs' Remaining
Claim as Moot ("Plaintiff's Response"), arguing that their transfer
to the Pack Unit should not moot their claim because there are many
other ("1,200-plus") inmates remaining at the Luther Unit who are
"still being held in unconstitutional conditions of confinement."[14]
In support of this argument, the plaintiffs have filed Plaintiffs'
Notice to the Court and Parties ("Plaintiffs' Notice") and
Plaintiffs' Supplement to Their Response in Opposition to
Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot
("Plaintiffs' Supplement"), which include additional documentation

---

[11]See Change of Addresses, Docket Entry No. 139, p. 1 and
Docket Entry No. 144, p. 1.

[12]See Order, Docket Entry No. 140, pp. 1-2.

[13]See Defendants' Motion to Dismiss, Docket Entry No. 141,
pp. 3-7.

[14]See Plaintiffs' Response, Docket Entry No. 156, p. 5.

regarding conditions of confinement at the Luther Unit and complaints about the Pack Unit.[15]

Plaintiffs have also filed a Motion for Joinder of Parties and a First Amended Motion for Joinder of Parties for the purpose of adding other inmates as plaintiffs and Pack Unit Warden Robert Herrera as a defendant despite the fact that there are no claims pending in this lawsuit concerning conditions at that facility.[16] The plaintiffs have also filed Plaintiffs' Motion for Injunctive Relief, which alleges retaliation, confiscation of legal materials, and restrictions on their ability to access the law library at the Luther Unit.[17] The plaintiffs further allege that since being transferred to the Pack Unit, prison officials have interfered with their mail and their ability to communicate with each other.[18] The

---

[15]See Plaintiffs' Notice, Docket Entry No. 157; Plaintiffs' Supplement, Docket Entry No. 158.

[16]See Plaintiffs' Motion for Joinder of Parties, Docket Entry No. 159, pp. 1-11; Plaintiffs' First Amended Motion for Joinder of Parties, Docket Entry No. 165, pp. 1-29. The proposed new plaintiffs include four inmates assigned to the Luther Unit, including Adam Walker (TDCJ #01897234), Travis Hendley (TDCJ #01669851), John Padilla (TDCJ #02191728), Brian Quintanilla (TDCJ #0211859), and one inmate who is assigned to the Pack Unit, Ronald Catt (TDCJ #01909438). None of these inmates have signed the motions or provided any statement indicating that they wish to join this lawsuit.

[17]See Plaintiffs' Motion for Injunctive Relief, Docket Entry No. 162, pp. 1-23.

[18]See id. at 23-29. The court takes judicial notice of the record in this case, which shows that the plaintiffs have filed numerous well-researched pleadings and submissions that have been
(continued...)

defendants oppose the plaintiffs' attempt to add new parties and claims at this late date and have filed a motion to strike those submissions.[19]

## II.  Discussion

The defendants have moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the plaintiffs' remaining claim for injunctive relief concerning conditions of confinement at the Luther Unit is now moot.[20]  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation and internal quotation marks omitted); see also National Football League Players Ass'n v. National Football League, 874 F.3d 222, 225 (5th Cir. 2017) ("When courts lack subject matter jurisdiction over

---

[18](...continued)
supported by thousands of pages of exhibits and that they have not been prejudiced as the result of missing any deadlines.  As a result, the plaintiffs have not been denied access to the courts in connection with this case.  See Jones v. Greninger, 188 F.3d 322, 325-26 (5th Cir. 1999); see also Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996) (observing that there is no "abstract, freestanding right to a law library or legal assistance" for prison inmates).

[19]See Defendants' Motion to Strike Plaintiffs' Supplemental Response and Exhibits [Docket Entry Nos. 157 Through 158] and Defendants' Response to Plaintiffs' Motion for Joinder [Docket Entry No. 159], Docket Entry No. 160, pp. 1-6.

[20]See Defendants' Motion to Dismiss, Docket Entry No. 141, pp. 3-4.

a case, they lack the power to adjudicate the case."). The party seeking to assert jurisdiction bears the burden of proving its existence. <u>See</u> <u>Stiftung v. Plains Marketing, L.P.</u>, 603 F.3d 295, 297 (5th Cir. 2010) (citation omitted).

Article III of the United States Constitution limits federal jurisdiction to "cases" and "controversies." <u>Campbell-Ewald Co. v.</u> <u>Gomez</u>, 136 S. Ct. 663, 669 (2016) (quoting U.S. Const., Art. III, § 2). The Supreme Court has "interpreted this requirement to demand that an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." <u>Id.</u> (citations and internal quotation marks omitted). A case becomes moot and no longer presents an actual case or controversy for purposes of subject matter jurisdiction under Article III "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Already, LLC v Nike, Inc.</u>, 133 S. Ct. 721, 726-27 (2013) (citation and internal quotation marks omitted).

The Fifth Circuit has consistently recognized that where a prisoner challenges conditions of confinement at a particular prison facility "[t]he transfer of a prisoner out of [that facility] often will render his claims for injunctive relief moot." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002); <u>see also</u> <u>Herman</u> <u>v. Holiday</u>, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his

-7-

claims for declaratory and injunctive relief moot); <u>Cooper v. Sheriff, Lubbock County, Texas</u>, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief) (citing <u>Beck v. Lynaugh</u>, 842 F.2d 759, 762 (5th Cir. 1988)); <u>Hernandez v. Garrison</u>, 916 F.2d 291, 293 (5th Cir. 1990) (per curiam) (holding that a prisoner's Eighth Amendment claims, including allegations of overcrowding and denial of adequate medical treatment, were moot after the plaintiff was transferred to another correctional facility and the only remedy he sought was a transfer). Because all of the remaining plaintiffs have been transferred to the Pack Unit and are no longer subject to the complained of conditions of confinement at the Luther Unit, where they formerly resided, their claim for injunctive relief is subject to dismissal as moot.

There is an exception to the mootness doctrine for a controversy that is "capable of repetition, yet evading review." <u>United States v. Sanchez-Gomez</u>, 138 S. Ct. 1532, 1540 (2018) (internal quotation marks and citation omitted). To fit within this exception, a prisoner who has been transferred out of a particular facility that he has taken issue with "must show either a 'demonstrated probability' or a 'reasonable expectation' that he would be transferred back to [that facility] or released and reincarcerated there." <u>Oliver</u>, 276 F.3d at 741 (quoting <u>Murphy v. Hunt</u>, 102 S. Ct. 1181, 1184 (1982)); <u>see also Sanchez-Gomez</u>, 138

S. Ct. at 1540 (requiring a "reasonable expectation that the same complaining party will be subjected to the same action again") (quotation omitted).

None of the plaintiffs have suggested that there is any likelihood that they will be returned to the Luther Unit, where the challenged conditions of confinement occurred. Speculation that they might be moved from the Pack Unit in the future is not sufficient to make this showing. See Herman, 238 F.3d at 665 (citing Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987)). Instead, the plaintiffs argue that the case is not moot because there are many other inmates housed at the Luther Unit who are "still being held in unconstitutional conditions of confinement."[21] This argument is not sufficient to establish that the exception applies.[22] See Sanchez-Gomez, 138 S. Ct. at 1540 (explaining that "the 'mere presence of . . . allegations' that might, if resolved in [the plaintiffs'] favor, benefit other similarly situated

---

[21]See Plaintiffs' Response, Docket Entry No. 156, p. 5.

[22]For reasons set forth previously, the court has denied the plaintiffs' request to pursue this case as a class action. See Memorandum Opinion and Order, Docket Entry No. 120, pp. 18-21. As pro se litigants, the plaintiffs in this case are not authorized to represent other inmates. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.") (citations omitted); Martin v. City of Alexandria, 198 F. App'x 344, 346 (5th Cir. 2006) (per curiam) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause".)).

individuals cannot 'save [the plaintiffs'] suit from mootness once the[ir] individual claim[s]' have dissipated") (quoting <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1523, 1529 (2013)); <u>see also</u> <u>Yarls v. Bunton</u>, 905 F.3d 905, 909 (5th Cir. 2018) ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.") (citations and internal quotation marks omitted).  Because the remaining plaintiffs do not demonstrate that there is a live issue for review with respect to their only remaining claim for injunctive relief from conditions of confinement at the Luther Unit, this action is moot and must be dismissed for lack of subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(h)(3).

Although the plaintiffs have filed a motion for injunctive relief regarding new claims and a motion to join other Luther Unit inmates as new plaintiffs in this case, they have not demonstrated that joinder is permissible under the applicable Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P. 18, 20.  Under these circumstances, the plaintiffs' request for leave to join new parties and add new claims to this lawsuit will be denied.

### III. <u>Conclusion and Order</u>

Accordingly, based on the foregoing, the court **ORDERS** as follows:

1.  Defendants' Motion to Dismiss Plaintiffs' Remaining Claim as Moot (Docket Entry No. 141) is **GRANTED**.

2.  This action will be dismissed without prejudice for lack of jurisdiction.

3.  Plaintiffs' Motion Requesting Appointment of Counsel (Docket Entry No 135); Plaintiffs' Motion for Joinder of Parties (Docket Entry No. 159); Plaintiffs' Motion for Injunctive Relief (Docket Entry No. 162); and Plaintiffs' First Amended Motion for Joinder of Parties (Docket Entry No. 165) are **DENIED**.

4.  Because the court has denied the plaintiffs' request for joinder of new parties and claims, Defendants' Motion to Strike Plaintiffs' Supplemental Response and Exhibits (Docket Entry No. 160) is **DENIED** as unnecessary.

**The Clerk will send a copy of this Memorandum Opinion and Order to the parties.**

SIGNED at Houston, Texas, on this 28th day of February, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE